[Cite as *State v. Holmes*, 2014-Ohio-603.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99783**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# BRIAN K. HOLMES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561800

**BEFORE:** S. Gallagher, J., Boyle, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 20, 2014

**ATTORNEY FOR APPELLANT**

Joseph E. Feighan, III
14516 Detroit Avenue
Lakewood, OH   44107


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brad S. Meyer
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Brian K. Holmes appeals his sentence, which was imposed by the Cuyahoga County Court of Common Pleas.  For the reasons stated herein, we affirm.

{¶2} Appellant was charged under a multi-count indictment with various offenses following an investigation by the Ohio Bureau of Motor Vehicles ("BMV") that revealed that appellant went to the BMV on several dates throughout January and February 2012, while under a driving suspension and an active arrest warrant, and completed various forms using his son's Social Security number to secure a temporary driver permit, a temporary tag, an auto title, special license plates, and a driver license.  Appellant ultimately entered pleas of guilty pursuant to a plea agreement to four of the counts, which reflected one count for each of the dates on which he filled out forms at the BMV. He pled guilty to one count of forgery, forging identification cards in violation of R.C. 2913.31(A)(1), a felony of the fifth degree; two counts of forgery, forging identification cards in violation of R.C. 2913.31(A)(3), felonies of the fifth degree; and one count of tampering with records in violation of R.C. 2913.42(A)(1), a felony of the third degree. The remaining counts were dismissed.

{¶3} A sentencing hearing was held on March 18, 2013.  The court noted that appellant was then 28 years old with five children, no employment history, and an extensive criminal history, which took up over three full pages on the presentence investigation report.  The court recognized that "[h]is misdemeanor cases are many but

mild[,]" but also questioned what appellant had been doing for the past ten years other than getting arrested and not showing up for court. Appellant had some outstanding warrants that defense counsel represented had been or were in the process of being resolved. Defense counsel stated that this was appellant's first felony conviction, that appellant had done some odd jobs working for his uncle, and that appellant was enrolled with a work placement and job training program through the Cuyahoga County Fatherhood Initiative. Appellant indicated that he had done a few security jobs, but the last time he had a job was 2010. He apologized to the court for his actions.

{¶4} The trial court stated that it considered the seriousness and recidivism factors and the purposes and principles of sentencing. The court sentenced appellant to a prison term of six months on the forgery charges to run concurrent with a term of 24 months on the tampering with records charge, for a total sentence of 24 months. Credit was given for time served. The judgment entry also states that "the court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11."

{¶5} Appellant timely filed this appeal. He raises three assignments of error for our review. His first and second assignments of error assert that his sentence was contrary to law for not considering the sentencing factors required under R.C. 2929.11 and 2929.12. Appellant's third assignment of error challenges the imposition of a 24-month prison term for the conviction of tampering with records.

{¶6} Appellant argues that the trial court could not have complied with R.C. 2929.11 because there were no victims to his crime, no monetary damage or restitution was shown, and his conduct did not rise to a level of seriousness deserving of the 24-month sentence that was imposed. He also claims that a review of the factors under R.C. 2929.12, which he argues are largely inapplicable, shows that the court could not have considered all of the factors under R.C. 2929.12 and that an excessive prison term was imposed. Finally, he claims the court abused its discretion when it imposed a 24-month sentence for appellant's conviction of tampering with records, and he argues that the mitigating information weighs heavily on the record when compared to the victim impact, if any.

{¶7} This court does not review felony sentences under an abuse of discretion standard. *State v. Kopilchak*, 8th Dist. Cuyahoga No. 98984, 2013-Ohio-5016, ¶ 10. Rather, we apply the standard set forth in R.C. 2953.08(G)(2), which in this case requires us to clearly and convincingly find that the sentence is contrary to law.[1]

{¶8} Although a trial court has full discretion to impose a prison sentence within the statutory range, the court must still consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. R.C. 2929.11 provides that a sentence imposed for a felony shall be reasonably calculated to achieve

---

[1] We acknowledge that not all districts in Ohio are applying R.C. 2953.08(G)(2) to the exclusion of *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *See, e.g., State v. Frasca*, 11th Dist. Trumbull No. 2011-T-0108, 2012-Ohio-3746, ¶ 48.

the two overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local resources." Also, the sentence imposed must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). In determining the most effective way to comply with the purposes and principles of sentencing, the court must consider the seriousness, recidivism, and mitigating factors set forth in R.C. 2929.12 and may consider "any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). We also recognize that R.C. 2929.11 and 2929.12 are not "fact finding" statutes, and we may presume a trial court has considered these factors absent an affirmative demonstration by a defendant to the contrary. *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12.

{¶9} Appellant fails to overcome the presumption that the trial court considered the appropriate factors in R.C. 2929.11 and 2929.12 in imposing his sentence. The record reflects that the trial court reviewed the presentence investigation report prior to sentencing, which indicated that appellant had a lengthy criminal history, albeit consisting of misdemeanor offenses. Further, he was the father of five children and was not employed or supporting his children. The trial court heard the arguments of counsel, the defendant's expression of remorse, and the mitigating facts presented. Although

appellant claims the mitigating factors favored a lesser sentence, the trial court was not convinced and expressed concern over appellant's criminal history. The trial court specifically stated that it had considered the seriousness and recidivism factors and the purposes and principles of sentencing. The court's journal entry also indicates that the court considered "all required factors of the law" and concluded that "prison is consistent with the purpose of R.C. 2929.11."

{¶10} We find that appellant has not demonstrated, nor has a review of the record disclosed, that the trial court failed to consider the sentencing criteria. Further, a review of the record shows that the trial court imposed a sentence that was within the statutory limits. As a result, we cannot clearly and convincingly find that his sentence is contrary to law. We, therefore, overrule his assignments of error and affirm the judgment of the trial court.

{¶11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR