[Cite as *State v. Donat*, 2014-Ohio-3232.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100485**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SEAN DONAT

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-561597

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEYS FOR APPELLANT**

Anita Barthol Staley
7327 Center Street
Mentor, Ohio 44060

Judith M. Kowalski
333 Babbitt Road, Suite 323
Euclid, Ohio 44123

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mary H. McGrath
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Sean Donat ("Donat"), appeals his consecutive sentence. We find no merit to the appeal and affirm.

{¶2} In May 2012, Donat pleaded guilty to two fourth-degree felony counts of menacing by stalking involving two victims. Following a presentence investigation, the court sentenced Donat to a three-year consecutive prison term. Donat now appeals and raises two assignments of error.

## Consecutive Sentences

{¶3} In the first assignment of error, Donat argues the trial court erroneously imposed a consecutive prison sentence. He contends the trial court failed to comply with applicable felony sentencing statutes and that the trial court's findings were not supported by the record.

{¶4} R.C. 2953.08(G)(2) states that when reviewing prison sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, the statute permits the appellate court to reverse the trial court's imposition of consecutive sentences upon an offender if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or that, (2) "the sentence is otherwise contrary to law." *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 11.

{¶5} R.C. 2929.11 provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which

are "to protect the public from future crime by the offender," and "to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local resources." R.C. 2929.11(B). In determining the most effective way to comply with the purposes and principles of sentencing, the court must consider the seriousness, recidivism, and mitigating factors set forth in R.C. 2929.12.

{¶6} R.C. 2929.14(C)(4) requires a sentencing judge to make three distinct findings before imposing consecutive sentences, in addition to whatever findings the judge makes with respect to the purposes and goals of sentencing. *Venes* at ¶ 17. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Finally, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

The failure to make these findings on the record at the sentencing hearing is "contrary to law." *Venes* at ¶ 12.

{¶7} Donat concedes that his consecutive sentence is not contrary to law and that the court made all the required findings. He asserts (1) the record does not support the required court's findings under R.C. 2929.14(C)(4), and (2) the court failed to consider the mitigating factors enumerated in R.C. 2929.12(C).

{¶8} At the sentencing hearing, the court noted that Donat was charged with multiple counts of menacing by stalking less than six months after being released from prison, where he served one year for a similar menacing offense against the same victim. That victim stated that she and her children moved to a different neighborhood to hide from Donat before he was released from prison. He nevertheless continued to harass her and her children on their cell phones and they ultimately had their cell phone numbers changed.

{¶9} The second victim explained that Donat's harassment caused her migraine headaches. The stress from the harassment also caused her face to break out. She had listed her cell phone number in several college applications, and she did not want to change her number. She was nevertheless forced to change her cell phone number to escape Donat's harassing phone calls.

{¶10} After hearing from the victims, the court stated, in relevant part:

[Y]ou have 34 convictions for misdemeanor and felony crimes starting in 1996. You were in the juvenile court on six different occasions from 1993 through the early part or mid part of 1996, but once you became an adult, you've been convicted in 34, including this case, 34 different felony,

misdemeanor convictions, many involving drugs and alcohol, * * * some involving theft offenses, some involving violent crimes, including an assault. There's a kidnapping that was reduced to an attempted kidnapping and then, of course, you have two different burglary convictions as felonies. I can go on and on, but that is an exceedingly lengthy criminal record.

* * *

It's also appropriate under Ohio law to give consecutive sentences to punish offenders. * * * People are telling you to leave them [alone] and you are tracking people down who are moving to get away from you. It would seem appropriate to punish you in a consecutive sentence that I will fashion here.

* * *

But the consecutive sentences that I am fashioning today are not disproportionate to the seriousness of your conduct which has been displayed both in its description and the crimes themselves as well as from the victims. * * * They're also not disproportionate to the danger that you pose to the public. And, again, I cite your commission of alcohol and drug-related crimes, your commission of violent crimes and the kind of crimes that seem very obsessive compulsive and display you as being out of control and highly disrespectful to other people's rights.

{¶11} The record supports the court's findings under R.C. 2929.14(C). Donat's extensive criminal history demonstrates he is a recidivist and that a prison sentence was appropriate. His propensity toward criminal conduct also supports the court's finding that consecutive service is necessary to protect the victims and the public. The victim impact statements describing the mental anguish they suffered as a result of Donat's harassment supports the court's finding that consecutive service is necessary to punish him.

{¶12} The court determined that Donat demonstrated a pattern of compulsive behavior and that a consecutive prison term is not disproportionate to such behavior.

Donat's criminal record, particularly his repeated criminal acts against the same victim, support the court's conclusion that consecutive service is proportionate to the seriousness of Donat's actions and also supports the court's conclusion that Donat's actions are compulsive. Therefore, the trial court's findings are supported by the record.

{¶13} Donat also argues the court failed to consider the mitigating factors enumerated in R.C. 2929.12(C) that suggest the offender's conduct is less serious than conduct normally constituting the offense. Donat contends he was diagnosed with a mental illness and that the court failed to address his mental health condition. He also contends the court failed to consider his feelings of remorse.

{¶14} None of the factors listed in R.C. 2929.12 specifically address the defendant's mental health condition. However, R.C. 2929.12(C)(4) requires the court consider whether "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." R.C. 2929.12(E)(5) states that the court shall consider whether "the offender shows genuine remorse for the offense."

{¶15} Despite Donat's statements to the contrary, the court discussed Donat's mental health and stated:

> When we looked at your mitigation of penalty report, it doesn't show that you have a clear mental health explanation for why you would be committing crime after crime after crime in a 16-year period of time.

Thus, the trial court not only considered Donat's mental heath, but found that there was nothing in the presentence investigation report or mitigation of penalty report that would mitigate his sentence.

{¶16} The trial court did not mention whether Donat was remorseful. However, "R.C. 2929.11 and 2929.12 are not 'fact finding' statutes, and we may presume a trial court has considered these factors absent an affirmative demonstration by a defendant to the contrary." *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 8. Donat fails to affirmatively show that the court failed to consider all of the sentencing factors required by R.C. 2929.11 and 2929.12.

{¶17} Therefore, the first assignment of error is overruled.

### Ineffective Assistance of Counsel

{¶18} In the second assignment of error, Donat claims his trial counsel was ineffective for failing to request a continuance of the plea hearing when Donat stated he hit his head and had taken medication.

{¶19} To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation; and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

**{¶20}** Here, Donat's claims are not supported by the record. At the plea hearing, Donat stated that he hit his head four or five days prior to the plea hearing and had taken Tylenol for pain, but no narcotics. Donat further explained that he stopped taking the Tylenol a couple of days before the hearing because he no longer required a pain reliever. Thus, Donat was not taking medication at the time of his plea.

**{¶21}** Although Donat proclaimed himself a songwriter and claimed that people in the music industry stole his songs, there was no indication that Donat was unable to understand the proceedings or that he could not enter his plea knowingly, intelligently, and voluntarily. Therefore, Donat fails to meet his burden of showing that had his counsel requested a continuance of the plea hearing, the outcome of his case would have been different.

**{¶22}** We therefore overrule the second assignment of error.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR