[Cite as *State v. Hammond*, 2014-Ohio-4673.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100656

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PARIS J. HAMMOND

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-558346

**BEFORE:** Boyle, A.J., Jones, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio   44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Edward R. Fadel
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1}    Defendant-appellant, Paris Hammond, appeals his sentence, raising three assignments of error:

I.    Appellant's sentence is unconstitutional because he was a juvenile on the date of the offense and the court did not consider his youth as a mitigating factor as required by law when it imposed an eighteen year consecutive sentence.

II.    Appellant's sentence was contrary to law.

III.    Appellant's Sixth Amendment rights were violated if counsel failed to preserve sentencing errors for review.

{¶2} Finding no merit to the appeal, we affirm.

## Procedural History and Facts

{¶3}    In January 2012, Hammond was charged in a ten-count indictment. He was a juvenile at the time of the offenses and was bound over from the juvenile court to the general division of the common pleas court.   Hammond ultimately pleaded guilty to two amended counts of felonious assault with a three-year firearm specification attached to each one.   The trial court merged the firearm specifications in both counts and ordered the base charges (seven years on the one count and eight years on the other count) be served consecutively, for a total of 18 years in prison.

{¶4}    Hammond appealed the sentence, arguing that the trial court erred by imposing consecutive sentences when it failed to make the required findings.   This court agreed, reversed the trial court's judgment, and remanded to the trial court for a resentencing hearing.   *See State v. Hammond*, 8th Dist. Cuyahoga No. 99117,

2013-Ohio-3727. On remand, the trial court conducted a new sentencing hearing and ultimately imposed the same sentence after making the required findings under R.C. 2929.14(C)(4) and thoroughly considering R.C. 2929.11 and 2929.12. Specifically, the trial court stated the following:

> The court has considered all this information, the principles and purposes of felony sentencing, the appropriate recidivism and seriousness factors, statutory requirements including, I have considered concurrent sentences in this matter as I did the first time and I was remiss in not specifically stating that, for the record, so it would be clear to the reviewing court.

> And consistent with the reviewing court's remand instruction, I am going to make the following findings. The court finds that seven years in count two is an appropriate sentence at the Lorain Correctional Institute [sic]. Three years on firearm specification, prior to and consecutive to that seven year term in count two.

> Count eight, which — I am sorry — count four, which was an eight year sentence, I am going to impose eight years in Lorain Correctional Institute [sic] in count four. That count is where the force, other victims were incorporated into that single count. There is a three year firearm specification on count four and by law that merges with the three year firearm specification in count two.

> The court finds that based on and incorporating all the information from the prior sentencing hearing, pre-sentence investigative report, the comments made by counsel here now, that to protect the public from future crime and to punish this offender that multiple sentences are, consecutive sentences are necessary. That consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger the offender poses to the public.

> Also, I find that subsection B and C apply, that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more offenses was so great or unusual no single prison term for any offense committed as part of the course of conduct would adequately reflect the seriousness of his conduct.

Also, that this criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by this offender. It's well documented in his juvenile criminal history of the repeated violent offenses, including burglaries, robberies, assaults, carrying a concealed weapon, inducing panic, vandalism and in the DH, the violent acts against property, vandalism, at least one, two, three, four of the juvenile cases, he was granted probation and then the two assault cases again granted probation.

He was afforded placement at Applewood Center. He was afforded multiple services through our juvenile court system to help mitigate whatever circumstances he grew up into whatever influence a brother had that was a gang member.

You repeatedly violated the law by putting others risk injuring others that culminated in this act, which multiple shots were fired at a dwelling where people were present on the porch, five people.

But for the accuracy of shooting, there are not five dead victims. Each of those four victims that weren't injured suffered that consequence that anybody would being shot at, bullets flying by them, witnessing that other victim shot down.

That Mr. Valezquez, his injuries were life-threatening, but for the amazing medical care available nowadays in our city, he most likely would have died. He had multiple organ injuries, his liver, his, I believe, his kidney, he is permanently paralyzed.

He has suffered serious psychological harm as well. He will never be the same person. He is sentenced to a lifetime of pain, misery, agony which pales in many respects to 18 years of being incarcerated.

This harm is just tremendous, let alone the chilling effect on our community of people on their porch in the safety of their own property being targeted and shot for little or no reason, certainly no sensible reason is anybody ever shot. Your history makes it clear that the only way to protect our community is to separate you from the community.

So I am imposing count two and count four consecutive to each other. That's a total of 18 years. Of course, there is many different options that our statutory sentencing laws have to mitigate this in the future. Judicial release is one of them. The governor can commute or pardon.

There is also potential for the eight percent credit to reduce a sentence like this.

**{¶5}** From this sentence, Hammond appeals again.

**{¶6}** For ease of discussion, we will address these assignments of error out of order.

## Standard of Review

**{¶7}** R.C. 2953.08(G)(2) states that when reviewing felony sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for re-sentencing." R.C. 2953.08(G)(2).

## Contrary to Law

**{¶8}** In his second assignment of error, Hammond argues his sentence is contrary to law because (1) the "sentence is beyond the minimum sanction necessary to punish [him] and achieve the purposes of felony sentencing," and (2) the trial court failed to engage in a consistency or proportionality discussion of the sentence. In essence, he contends that the trial court failed to adequately consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12 in imposing consecutive sentences. We disagree.

**{¶9}** The trial court has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 8.

**{¶10}** R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

**{¶11}** Under R.C. 2929.12(A), the court must consider a non-exhaustive list of mitigating and aggravating factors and "any other factors that are relevant to achieving those purposes and principles of sentencing."

**{¶12}** R.C. 2929.11 and 2929.12, however, are not fact-finding statutes. *State v. Wright*, 8th Dist. Cuyahoga No. 100433, 2014-Ohio-3230, ¶ 13. "While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *Id.*, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. Indeed, "we

may presume a trial court has considered these factors absent an affirmative demonstration by a defendant to the contrary." *Holmes,* 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, at ¶ 8. Ultimately, the trial court possesses the discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *Wright* at ¶ 13.

{¶13} Here, the record demonstrates that the trial court properly considered and applied R.C. 2929.11 and 2929.12 in imposing Hammond's sentence. Aside from expressly stating that it had, the trial court also indicated as much in its written journal entry. *See State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9 ("trial court's statement that it considered the required statutory factors [in the journal entry], without more, is sufficient to fulfill its obligations under the sentencing statutes"). Further, although not required, the trial court specifically discussed on the record many of the factors contained in R.C. 2929.12, including the harm suffered by the victims and Hammond's extensive criminal record and multiple opportunities for second chances.

{¶14} Hammond argues that the trial court failed to give adequate consideration of "the fact that [he] made efforts to turn his life around since his incarceration." But the trial court is not required, "in the exercise of its discretion, to give any particular weight or consideration" to any one factor. *Wright* at ¶ 18. And based on the other factors present, we find no fault in the trial court affording this fact little consideration.

{¶15} Hammond also argues that his sentence is contrary to law because the trial court failed to "engage in a consistency or proportionality discussion" or examine

sentences that have been imposed on other juvenile offenders. This court, however, has repeatedly recognized that "consistency is achieved by weighing the factors enumerated in R.C. 2929.11 and 2929.12 and applying them to the facts of each particular case." *State v. Wells*, 8th Dist. Cuyahoga No. 100365, 2014-Ohio-3032, ¶ 12, quoting *State v. Lababidi*, 8th Dist. Cuyahoga No. 100242, 2014-Ohio-2267, ¶ 16. And as discussed above, the trial court thoroughly and properly applied R.C. 2929.11 and 2929.12 in this case, thereby negating any claim that the sentence is inconsistent with similar offenders.

{¶16} Moreover, Hammond did not object or argue that his sentence was disproportionate or inconsistent with other similar juvenile offenders. Failure to do so precludes further review on the issue by this court. *Wells* at ¶ 15, citing *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 37.

{¶17} Based on the thorough sentencing hearing conducted by the trial court and its application of R.C. 2929.11 and 2929.12, we find no basis to conclude that Hammond's sentence is contrary to law.

{¶18} The second assignment of error is overruled.

Application of <em>State v. Long</em>

{¶19} In his first assignment of error, Hammond argues that the trial court failed to consider his youth as a mitigating factor when imposing a consecutive 18-year prison term, thereby warranting reversal of his sentence or the imposition of concurrent sentences. We disagree.

**{¶20}** Hammond relies on the Ohio Supreme Court's decision in *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, for the proposition that the trial court should have explicitly considered his youth as a mitigating factor before determining the appropriate sentence. In *Long*, the Ohio Supreme Court held that "[t]he Eighth Amendment requires trial courts to consider youth as a mitigating factor when sentencing a child to life without parole for a homicide." *Id.* at ¶ 7. The court further held "that the record must reflect that the court specifically considered the juvenile offender's youth as a mitigating factor at sentencing when a prison term of life without parole is imposed." *Id.*

**{¶21}** Although Hammond acknowledges that *Long* applies to juveniles who receive a sentence of life without parole, he urges us to extend the rationale to any sentence involving a juvenile. Hammond, however, fails to offer any authority in support of extending the holding of *Long* to the instant case.

**{¶22}** We do not find the trial court's failure to discuss Hammond's youth as a mitigating factor to be grounds for reversal. The same concerns that existed in *Long* simply do not exist in this case. The trial court strictly adhered to Ohio's sentencing statutory scheme prior to imposing Hammond's 18-year prison sentence. And as noted by the trial court, the victim is "sentenced to a lifetime of pain, misery, agony which pales in many respects to 18 years of [Hammond] being incarcerated."

**{¶23}** Accordingly, based on the record in this case, we simply find no basis to reverse Hammond's sentence. The first assignment of error is overruled.

Ineffective Assistance of Counsel

{¶24} In his final assignment of error, Hammond argues that "if this court finds that any of the sentencing issues were not raised or preserved by trial counsel below," his Sixth Amendment rights to effective assistance of counsel were violated. We find no merit to this argument.

{¶25} To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶26} Hammond fails to establish either prong of the *Strickland* test. Although we found that Hammond failed to preserve the issue of proportionality and consistency of his sentence in the proceedings below, there is no evidence that other similarly situated juvenile offenders have received more favorable sentences. Moreover, even assuming that such evidence exists and Hammond's counsel failed to produce it, we find no reasonable probability that Hammond's sentence would have been any different in this case.

{¶27} The final assignment of error is overruled.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
EILEEN A. GALLAGHER, J., CONCUR