[Cite as *State v. Terrell*, 2016-Ohio-4563.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103428**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DESHAWN T. TERRELL**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-581323-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 23, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    Erika B. Cunliffe
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Christopher D. Schroeder
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Deshawn Terrell ("Terrell"), appeals his sentence and raises one assignment of error for review:

> The mandatory sentencing provision under R.C. 2929.02(B)(1) is unconstitutional as applied in the instant matter where it requires the trial court to impose a sentence of 15 years to life imprisonment notwithstanding the defendant's juvenile status at the time of the offense and the fact that he did not actually commit the murder.

{¶2} We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶3} The state filed four complaints in the juvenile division of the Cuyahoga County Common Pleas Court, charging Terrell with four armed robberies and related offenses. The complaint in Cuyahoga J.C. No. DL-13-111146 alleged that Terrell and two codefendants robbed a gas station named Biggie's Food Mart, located on East 55th Street in Cleveland in July 2013. One of Terrell's codefendants shot and killed a store clerk during the heist. Consequently, Terrell was charged with aggravated murder, aggravated robbery, and felonious assault, all with one- and three-year firearm specifications.

{¶4} In Cuyahoga J.C. No. JL-13-114543, Terrell was charged with three counts of aggravated robbery, two counts of kidnapping, grand theft, and carrying a concealed weapon. The armed robbery, kidnapping, and grand theft counts included one- and three-year firearm specifications. These counts arose from an armed robbery that occurred at Danzey's Discount Store, located at 7809 Woodland Avenue in Cleveland in July 2013.

{¶5} Two other complaints charged Terrell with five counts of aggravated robbery, two counts of kidnapping, two counts of carrying a concealed weapon, and petty theft. The

aggravated robbery and kidnapping counts included one- and three-year firearm specifications. These charges arose from two separate armed robberies that occurred at a Family Dollar store located on Superior Avenue in Cleveland, and a restaurant known as Jack Spratt's Pizza, located at 4323 Payne Avenue in Cleveland. The robberies occurred in September and October 2013.

{¶6} The juvenile court held a probable cause hearing on all the charges. After hearing the evidence, the court found insufficient probable cause to charge Terrell with the offenses that were committed at Jack Spratt's Pizza and the Family Dollar store. Accordingly, the court dismissed those complaints without prejudice. However, the juvenile court concluded there was probable cause that Terrell was complicit in the murder of the store clerk at Biggie's Food Mart and ordered the case transferred to the general division pursuant to R.C. 2151.12(A)(1).[1]

{¶7} The Cuyahoga County Grand Jury subsequently returned an 18-count indictment, charging Terrell with two counts of aggravated murder, three counts of murder, five counts of aggravated robbery, three counts of kidnapping, four counts of felonious assault, and one count of tampering with evidence in Cuyahoga C.P. No. CR-13-581323-A. All the charges, except for tampering with evidence, included one- and three-year firearm specifications.

{¶8} The juvenile court held an amenability hearing in J.C. No. DL-13-114611, which involved the robbery of Danzey's Discount store. The court determined Terrell was not amenable to care or rehabilitation within the juvenile system and ordered the case transferred to the general division of the common pleas court. The Cuyahoga County Grand Jury subsequently indicted Terrell in Cuyahoga C.P. No. CR-14-583092-A on two counts of

---

[1] R.C. 2151.12(A)(1) mandates the transfer of certain cases from the juvenile division to the general division of the common pleas court where the juvenile is accused of murder.

aggravated robbery, two counts of kidnapping, and two counts of theft, all with one- and three-year firearm specifications.

{¶9} Prior to trial in C.P. No. CR-13-581323-A, Terrell filed a motion to dismiss the charges, or in the alternative, to transfer the case back to the juvenile court. Terrell asserted the mandatory minimum prison term of 15 years to life for murder set forth in R.C. 2929.02(B)(1) was unconstitutional as applied to him because it precluded the court from considering mitigating factors inherent in his status as a juvenile. He argued the mandatory indefinite sentence violated his Eighth Amendment right to be free of cruel and unusual punishment.

{¶10} Following a hearing, the trial court denied Terrell's motion to dismiss or to transfer jurisdiction to the juvenile court. Terrell filed an interlocutory appeal of the trial court's judgment, which was dismissed for lack of a final, appealable order. On remand, Terrell pleaded no contest in C.P. Case No. CR-13-581323-A to one count of murder, in violation of R.C. 2903.02(A), with a three-year firearm specification, and one count of aggravated robbery. He pleaded no contest to one count of aggravated robbery alleged in C.P. No. CR-14-583092.

{¶11} In Cuyahoga C.P. No. CR-13-581323-A, the court found Terrell guilty of the charges and sentenced him to a mandatory 15 years to life imprisonment on the murder conviction, to be served consecutive to the three years on the gun specification, and consecutive to three years on the aggravated robbery conviction, for an aggregate 21-year prison term. The court sentenced Terrell to three-years imprisonment on his aggravated robbery conviction in C.P. No. CR-14-583092, to be served concurrently with the three-year sentence on the aggravated robbery in C.P. No. CR-13-581323. Terrell now appeals his mandatory 21 year to life prison sentence.

## II. Law and Analysis

**{¶12}** In his sole assignment of error, Terrell argues the trial court erred in failing to dismiss the charges against him, or in the alternative, to transfer his cases to the juvenile court. He contends the mandatory 15 years to life sentence set forth in R.C. 2929.02(B)(1) cannot be lawfully applied to juvenile offenders.

**{¶13}** R.C. 2929.02(B)(1) states, in pertinent part, that "whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." Terrell argues R.C. 2929.02(B)(1) violates the Eighth Amendment protection against cruel and unusual punishment because it precludes the court from considering mitigating factors such as his age, immaturity, neglectful childhood, and trauma he experienced as an adolescent. He relies on *Miller v. Alabama*, 567 U.S.__, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), *Montgomery v. Louisiana*, 577 U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), and *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, to support his argument.

**{¶14}** In *Miller*, two 14-year-old offenders were convicted of murder and were sentenced to life imprisonment without the possibility of parole. The life sentences were statutorily mandated in both cases. In determining the constitutionality of the defendants' mandatory life sentences, the *Miller* court discussed a line of precedent in which the court had recognized that "children are constitutionally different from adults for purposes of sentencing." *Id*. at 2464, citing *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), and *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).

**{¶15}** The *Miller* court observed that "[b]ecause juveniles have diminished culpability and greater prospects for reform, * * * 'they are less deserving of the most severe punishments.'"

*Miller* at 2464, quoting *Graham* at 68. The court explained that children are different from adults offenders in three primary ways:

> First, children have a "'lack of maturity and an underdeveloped sense of responsibility,'" leading to recklessness, impulsivity, and heedless risk-taking. Second, children "are more vulnerable * * * to negative influences and outside pressures," including from their family and peers; they have limited "contro[l] over their own environment" and lack the ability to extricate themselves from horrific, crime-producing settings. And third, a child's character is not as "well formed" as an adult's; his traits are "less fixed" and his actions less likely to be "evidence of irretrievabl[e] deprav[ity]."

*Miller*, 567 U.S.__, 132 S.Ct. at 2462, 183 L.Ed.2d 407, quoting *Roper* at 570. Thus, the court continued, mandatory life sentences without the possibility of parole for juveniles

> precludes consideration of his chronological age and its hallmark features — among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him — and from which he cannot usually extricate himself — no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth — for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys. *See, e.g., Graham*, 560 U.S. [48], 130 S.Ct. 2011, 176 L.Ed.2d 825 ("[T]he features that distinguish juveniles from adults also put them at a significant disadvantage in criminal proceedings"); *J. D. B. v. North Carolina*, 564 U.S. [261], 131 S. Ct. 2394, 180 L.Ed.2d 310 (2011) (discussing children's responses to interrogation). And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it.

*Id*. at 2468. Based on this reasoning, the *Miller* court concluded that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Id*. at 2469.

{¶16} In *Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, the Ohio Supreme Court followed *Miller* and held that "a court, in exercising its discretion under R.C. 2929.03(A),

must separately consider the youth of a juvenile offender as a mitigating factor before imposing a sentence of life without parole." *Id*. at paragraph one of the syllabus.

{¶17} Terrell argues the mandatory 15 years to life sentence he received is unlawful based on this precedent. However, Terrell's sentence is different from the sentences at issue in *Miller*, *Graham*, and *Long* because he was not sentenced to life without the possibility of parole. Terrell is entitled to parole hearings after 21 years to determine if he has been rehabilitated to such an extent that he may re-enter society. Indeed, rehabilitation is a legitimate goal of penal sanctions. *Graham*, 560 U.S. at 71, 130 S.Ct. 2011, 176 L.Ed.2d 825.

{¶18} Furthermore, this court has refused to extend the rationale in *Miller*, 567 U.S.__, 132 S.Ct. 2455, 183 L.Ed.2d 407, *Graham*, *Roper*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1, and *Long* to sentences where parole is afforded. *See e.g., State v. Hammond*, 8th Dist. Cuyahoga No. 100656, 2014-Ohio-4673; *see also State v. Zimmerman*, 2d Dist. Clark No. 2015-CA-62 and 2015-CA-63, 2016-Ohio-1475.

{¶19} Terrell nevertheless argues the United States Supreme Court's recent decision in *Montgomery*, 577 U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599, expanded the court's holding in *Miller* to include discretionary sentences. He claims the *Montgomery* court held that even discretionary sentences for juveniles convicted of murder are unconstitutional "unless the sentencing court explicitly concludes that the juvenile is 'irreparably corrupt' or 'permanently incorrigible.'" (Appellant's Brief p. 4, quoting *Montgomery* at 735.)

{¶20} However, like *Miller*, the *Montgomery* court was discussing the imposition of *mandatory life sentences without parole*. The decision had nothing to do with mandatory indefinite life sentences, such as the one at issue here. *Montgomery* clarified the court's holding in *Miller* by explaining that life imprisonment without parole may be justified in rare cases if the

court finds the juvenile offender exhibits such depravity that rehabilitation is impossible. *Id.* at 733. Indeed, *Miller* held that before a sentencing court can impose a life sentence without parole, the juvenile defendant "must be given the opportunity to show their crime did not reflect irreparable corruption; and, if it did not, their hope for some years of life outside prison walls must be restored." *Id.* at 736-737.

**{¶21}** Despite Terrell's argument to the contrary, *Montgomery* did not expand the court's holding in *Miller*. Nor did *Miller* categorically ban life sentences without the possibility of parole for juvenile offenders. Rather the court in *Miller* concluded that based on the unique circumstances of juveniles, the Eighth Amendment requires juvenile offenders be given a "'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.'" *Miller,* 567 U.S.__, 132 S.Ct. at 2469, 183 L.Ed.2d 407, quoting *Graham*, 560 U.S. at 75, 130 S.Ct. 2011, 176 L.Ed.2d 825.

**{¶22}** Terrell's 21 years to life prison sentence affords him the opportunity to regain his freedom once he has matured and demonstrated rehabilitation. Moreover, as previously explained, we refused to extend the rationale in *Miller* to juvenile cases where the offender is afforded the possibility of parole as in *Hammond*, 8th Dist. Cuyahoga No. 100656, 2014-Ohio-4673, and we decline to do so now.

**{¶23}** The sole assignment of error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed,

any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR