[Cite as *In re E.S.*, 2020-Ohio-4244.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

In re E.S.

Court of Appeals No. S-19-020

Trial Court No. 21820428

**DECISION AND JUDGMENT**

Decided: August 28, 2020

* * * * *

Adam Charles Stone, for appellant.

Beth A. Tischler, Sandusky County Prosecuting Attorney, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, E.S., an adjudged delinquent child, appeals from the final order of disposition/sentencing entered by the Sandusky County Court of Common Pleas, Juvenile Division, on March 28, 2019. For the reasons which follow, we affirm.

{¶ 2} On appeal, appellant asserts two assignments of error:

Assignment of Error I:

The trial court erred in denying the Appellant's Motion in Opposition to Mandatory Life-Tail Prison Term requesting that it decline to impose a mandatory life-tail prison term as the adult portion of the serious youthful offender disposition in this case on the grounds that the irrebuttable presumption in R.C. 2929.02(B)(1) violates due process when applied to juvenile offenders.

Assignment of Error II:

The trial court erred in denying the Appellant's Motion in Opposition to Mandatory Life-Tail Prison Term requesting that it decline to impose a mandatory life-tail prison term as the adult portion of the serious youthful offender disposition in this case on the grounds that mandatory sentencing of a juvenile offender under R.C. 292902(B)(1) constitutes cruel and unusual punishment.

{¶ 3} The trial court denied the state's motion to bind over appellant to be tried as an adult for fatally shooting his cousin, Jaylen Brock. The grand jury issued a five count Bill of Indictment with serious youthful offender specifications as to each count. Appellant admitted to Count 3 (felonious assault with firearm, a second-degree felony, with a serious youthful offender specification) and to Count 4 (murder, an unclassified felony, with both a firearm and a serious youthful offender specification). The remaining

2.

counts were dismissed.  The trial court accepted appellant's admissions and adjudicated him to be a delinquent youth by commission of the offenses to which he admitted.

{¶ 4} A disposition/sentencing hearing was held on March 28, 2019.  Appellant filed a memorandum in opposition to the mandatory life-tail prison term prior to the sentencing hearing, which was denied by the trial court at the hearing.

{¶ 5} The court found the "length of time, level of security, and types of programming and resources available in the juvenile system alone are not adequate to provide the Juvenile Court with a reasonable expectation that the purposes set forth in Section 2152.01 of the Ohio Revised Code will be appropriately met."  Therefore, the trial court entered a juvenile disposition order committing appellant to the Ohio Department of Youth Services until age 21, with an additional, consecutive three-year term for the firearm specification.  Furthermore, the juvenile court imposed a suspended serious youthful offender adult sentence of life in prison with opportunity for parole after 15 years on Count 4, with an additional three years for the firearm specification, to be served consecutive to, and prior to, the sentence for murder.  The court then merged the sentences for Counts 3 and 4 and stayed the adult portion of the sentence, pursuant to R.C. 2152.13, unless appellant failed to comply with the terms and conditions of appellant's Ohio Department of Youth Services commitment or otherwise violated the law.  Appellant appeals only the adult portion of his sentence.

{¶ 6} Appellant's two assignments of error are interrelated and will be considered together.  In his first assignment of error, appellant argues the trial court erred in denying

3.

his motion in opposition to the mandatory life-tail prison term on the ground that R.C. 2929.02(B)(1) violates due process when applied to juvenile offenders. Appellant argues in his second assignment of error that the R.C. 2929.02(B)(1) mandatory sentence constitutes cruel and unusual punishment and violates the Eight Amendment to the United States Constitution applicable to the states through the Fourth Amendment.

{¶ 7} Appellant bases both of his assignments of error on the view that courts now recognize juvenile offenders should not be treated the same as adults for sentencing purposes. The United States Supreme Court has held that under the Eighth Amendment "children are constitutionally different from adults for purposes of sentencing." *Miller v. Alabama*, 567 U.S. 460, 471, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012); *Graham v. Florida*, 560 U.S. 48, 68, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010); *Roper v. Simmons*, 543 U.S. 551, 568-569, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). *See also State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, ¶ 29, citing *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729. Accordingly, the United States Supreme Court has struck down certain mandatory sentencing statutes which prevent the trial court from taking into consideration the special considerations due juvenile offenders. *Miller* at 479 (mandatory life-without-parole sentences for juvenile homicide offenders); *Graham* at 74 (life-without-parole sentences for juvenile non-homicide offenders); *Roper* at 568 (capital punishment for juveniles).

{¶ 8} In the *Roper/Graham/Miller* line of cases, the United States Supreme Court found the sentences imposed violated the Eighth Amendment protection against cruel and

4.

unusual punishment because the trial courts could not consider the mitigating circumstances of the juvenile offender's age before imposing the harshest sentences or because the juvenile did not have the opportunity to demonstrate maturity or rehabilitation potential before being sentenced to life without parole. The *Miller* case explained that the substantive guarantee of the Eighth Amendment is the "[p]rotection against disproportionate punishment," and that for certain punishments, the punishment will be "disproportionate when applied to juveniles." *Montgomery v. Louisiana*, __ U.S. ___, 136 S.Ct. 718, 732-733, 193 L.Ed.2d 599 (2016). The greatest risk of disproportionate punishments arises when the harshest of punishments are imposed—capital punishment and life imprisonment without the possibility of parole. *Id*. at 733-734. Furthermore, in *Miller, supra,* the United States Supreme Court recognized that the justifications for imposing the harshest sentences do not apply in the case of juvenile offenders. *Id*. at 473.

{¶ 9} Appellant asserts Ohio's mandatory sentencing scheme, as applied to a serious youthful offender disposition sentence under R.C. 2152.13(D)(1)(a) (which requires a court to impose a sentence as if the juvenile were an adult) and R.C. 2929.02(B)(1) (which mandates that every person convicted of murder "shall be imprisoned for an indefinite term of fifteen years to life") is unconstitutional. He argues that R.C. 2929.02(B)(1)(a) violates the holding in *Miller, supra,* because it does not allow the trial court to consider the individual culpability of the juvenile offender. Both of appellant's assignments of error center on the argument that treating juveniles like adults for sentencing and the mandatory sentence under R.C. 2929.02(B)(1) is unconstitutional

5.

because the statute creates a non-rebuttable presumption that a juvenile offender is as equally and morally culpable as an adult who commits the same offense.

{¶ 10} Appellant first bases his constitutionality claim on a violation of due process. However, he fails to fully develop his argument to identify whether he asserts a lack of substantive or procedural due process. He argues only that irrebuttable presumption of R.C. 2929.02(B)(1) violates due process because the juvenile offender cannot present any evidence to mitigate against imposing the mandatory indefinite term of 15 years to life. We disagree.

{¶ 11} The Ohio Supreme Court adopted the holding in *Miller, supra*, and held that the trial court must consider an offender's youth as a mitigating factor before imposing a sentence for aggravated murder under R.C. 2929.03(A), which requires the trial court to sentence the offender to either life imprisonment without parole or life imprisonment with parole eligibility after serving 20, 25, or 30 years. *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, paragraphs one and two of the syllabus. Furthermore, the Ohio Supreme Court found that Ohio's sentencing scheme protects the constitutional right of the juvenile offender to be considered as different from adult offenders (less culpable and more amenable to reform). *Id*. at ¶ 29. The court found that although R.C. 2929.11 and 2929.12 do not mention juvenile offenders, these statutes specifically guide every sentencing decision and require consideration of the nature of the offender and his or her rehabilitation. *Id*. at ¶ 17-19. Nonetheless, the *Long* court reversed the juvenile offender's sentence because the trial court never indicated in its

6.

sentencing entry whether it considered the offender's age as a mitigating factor in sentencing. *Id*. at ¶ 29.

{¶ 12} Based on the analysis in *Long*, *supra*, we find that the General Assembly has already provided for individualized sentencing and consideration of mitigating evidence relating to the juvenile's age through R.C. 2929.11 and 2929.12. Therefore, we find R.C. 2929.02(B)(1) does not violate appellant's due process rights and find his first assignment of error not well-taken.

{¶ 13} Similarly, appellant argues in his second assignment of error that the mandatory sentence required by R.C. 2929.02(B)(1) constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, which is applicable to the states through the Fourth Amendment. Again, appellant argues the mandatory sentence under R.C. 2929.02(B)(1) is unconstitutional because it provides for a non-rebuttable presumption that a juvenile offender is as equally and morally culpable as an adult who commits the same offense.

{¶ 14} Several courts of appeals have already rejected the argument that the *Miller*, *supra*, and *Long, supra*, holdings should be extended to cases where the juvenile is sentenced to mandatory life in prison *with* the possibility of parole. *State v. Stephens*, 11th Dist. Portage No. 2018-P-0090, 2019-Ohio-3150, ¶ 31; *State v. Starling*, 2d Dist. Clark No. 2018-CA-34, 2019-Ohio-1478, ¶ 67; *State v. Alexander*, 8th Dist. Cuyahoga No. 104281, 2017-Ohio-9011, ¶ 13; *State v. Terrell*, 8th Dist. Cuyahoga No. 103428,

7.

2016-Ohio-4563, ¶ 18-21; *State v. Jones*, 2d Dist. Montgomery No. 26333, 2015-Ohio-3506, ¶ 11-12.  We find these cases persuasive and reject appellant's argument as well.

{¶ 15} "The bar for cruel and unusual punishment is high."  *United States v. Juvenile Male*, 670 F.3d 999, 1010 (9th Cir.2012).  Furthermore, as noted above, it is when the sentencing court imposes the harshest punishments that the risk of disproportionate sentencing is at its highest.  *Montgomery v. Louisiana*, __ U.S. ___, 136 S.Ct. 733-734, 193 L.Ed.2d 599; *State v. Warren*, 118 Ohio St.3d 200, 2008-Ohio-2011, 887 N.E.2d 1145, ¶ 25, citing *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).  "[T]he Eighth Amendment does not require strict proportionality between crime and sentence but forbids only extreme sentences that are grossly disproportionate to the crime." *Warren*, *supra*. *See also State v. Glaze*, 6th Dist. Lucas No. L-17-1269, 2019-Ohio-53, ¶ 25.  Therefore, we agree with the other appellate districts that the holdings in the *Roper/Graham/Miller* cases are limited to capital and life-without-parole sentences.  Therefore, we find R.C. 2929.02(B)(1) does not violate appellant's Eighth Amendment rights.  Appellant's second assignment of error is found not well-taken.

{¶ 16} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____
Thomas J. Osowik, J. _____          JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.