[Cite as *State v. Gunter*, 2017-Ohio-7247.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105275

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JARED A. GUNTER

DEFENDANT-APPELLANT

## JUDGMENT:
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-607771-A

**BEFORE:** Boyle, J., Kilbane, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** August 17, 2017

**ATTORNEY FOR APPELLANT**

Sarah R. Cofta
P.O. Box 16425
Cleveland, Ohio   44116

Jared A. Gunter, pro se
Inmate No. A691-809
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio   44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Ashley B. Kilbane
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Jared Gunter, appeals from a judgment convicting him of burglary and grand theft and sentencing him to 12 months in prison. Gunter's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking leave to withdraw as counsel because there are no meritorious, nonfrivolous issues for this court to review.

## I. *Anders* Standard and Potential Issues for Review

{¶2} In *Anders*, the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Further, counsel must also furnish the client with a copy of the brief and allow the client sufficient time to file his or her own brief. *Id.* In this case, appointed counsel fully complied with the requirements of *Anders*.

{¶3} Once the appellant's counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. *Id.*; Loc.App.R. 16(C). If we determine that the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or we may proceed to a decision on the merits if state law so requires. *Anders*; Loc.App.R. 16(C).

**{¶4}** On April 18, 2017, this court ordered appointed counsel's motion be held in abeyance pending our independent review of the case. We further notified Gunter that he had until July 25, 2017, to file his own appellate brief, but he did not do so.

**{¶5}** Gunter's counsel has fully complied with the requirements of *Anders* and Loc.App.R. 16(C). Gunter's counsel states in her *Anders* brief that she thoroughly reviewed the record, and concluded that there are no meritorious arguments that she could make on Gunter's behalf. Gunter's counsel has submitted the following two potential assignments of error:

> 1. Whether the trial court's sentence was contrary to law or unsupported by clear and convincing evidence.
>
> 2. Whether appellant's guilty pleas were made knowingly, voluntarily, and intelligently.

**{¶6}** After conducting an independent review of Gunter's case, we dismiss his appeal and grant appointed counsel's motion to withdraw.

## II. Procedural and Factual Background

**{¶7}** Gunter was indicted in July 2016 on three counts: burglary, grand theft, and petty theft. In September 2016, Gunter withdrew his former plea of not guilty and pleaded guilty to an amended count of burglary in violation of R.C. 2911.12(B), a fourth-degree felony, and one count of grand theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony. As part of his plea, Gunter agreed to $1,300 in restitution to the victim. The remaining count was nolled.

**{¶8}** The trial court sentenced Gunter to 12 months on each offense and ordered

that he serve them concurrently. The trial court further notified Gunter that he would be subject to a discretionary period of three years of postrelease control and advised him of the consequences for violating the conditions of that postrelease control.

## III. Sentence

**{¶9}** In the first potential assignment of error, counsel argues that one could argue that Gunter's sentence was contrary to law or unsupported by clear and convincing evidence.

**{¶10}** An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012- Ohio-1892, ¶ 7. R.C. 2953.08(G)(2) states that when reviewing felony sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [certain statutes that require findings, which are not relevant here]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for re-sentencing." R.C. 2953.08(G)(2).

**{¶11}** The Ohio Supreme Court has further explained:

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and

convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

**{¶12}** The trial court has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 8.

**{¶13}** Under R.C. 2929.11(A), a felony sentence shall be reasonably calculated to achieve two "overriding purposes": (1) to protect the public from future crimes by the offender, and (2) to punish the offender using the minimum sanctions the court determines will achieve those purposes. Further, under R.C. 2929.11(B), the sentence imposed for a felony must be commensurate with the seriousness of the offender's conduct and consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶14}** Under R.C. 2929.12(A), a court sentencing a felony offender has discretion to determine the most effective way to comply with the purposes and principles of sentencing outlined in the statute. In exercising its discretion, however, the sentencing court must consider the seriousness, recidivism, and other mitigating factors set forth in R.C. 2929.12. *Id*. Although the trial court must consider the purposes and principles of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13.

{¶15} And, of course, the trial court must comply with all other relevant sentencing statutes. *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10.

{¶16} After reviewing the transcript of the sentencing hearing, we find that the record overwhelmingly demonstrates that the trial court properly considered the purposes and principles of felony sentencing and all of the relevant sentencing statutes. Thus, we agree that there are no meritorious, non-frivolous issues for our review with respect to Gunter's sentence.

## IV. Crim.R. 11

{¶17} In the second potential assignment of error, counsel states that it could be argued that he did not voluntarily, intelligently, and knowingly enter into the plea.

{¶18} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶19} To ensure that a plea to a felony charge is knowingly, intelligently, and voluntarily entered into, a trial court must follow the dictates of Crim.R. 11(C)(2). This provision provides that the court must address defendants personally and (1) determine that they understand the nature of the charges against them and of the maximum penalty involved, (2) inform them of and determine that they understand the effect of a plea of guilty or no contest and that the court may proceed with judgment and sentence, and (3)

inform them of and determine that they understand the constitutional rights that they are giving up by entering into their plea. Crim.R. 11(C)(2)(a)-(c). The United States Supreme Court specified a defendant's constitutional rights as (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

{¶20} Crim.R. 11(C)(2)(c) sets forth a defendant's constitutional rights as follows:

Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶21} In differentiating between constitutional rights and nonconstitutional rights under Crim.R. 11(C), courts have held that strict compliance with the rule is required if the appellant raises a constitutional right delineated in Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Substantial compliance, however, is all that is required for nonconstitutional rights outlined in Crim.R. 11(C)(2)(a) and (b). *State v. Drake*, 8th Dist. Cuyahoga No. 98640, 2013-Ohio-1984, ¶ 5, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶22} After conducting an independent review of the transcript of the plea hearing, we find that the trial court engaged in a complete Crim.R. 11 colloquy with Gunter. Thus, we agree that there are no meritorious, nonfrivolous issues for our review with respect to Gunter's plea.

**{¶23}** Accordingly, we conclude that this appeal is wholly frivolous and grant counsel's motion to withdraw.

**{¶24}** Appeal dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
ANITA LASTER MAYS,   J., CONCUR