[Cite as *State v. Smith*, 2020-Ohio-1492.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108121 |
| v. | : | |
| DARRYL SMITH, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 16, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-620144-A and CR-18-630341-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Sean M. Kilbane, Assistant Prosecuting Attorney, *for appellee.*

Darryl Smith, *pro se.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} Darryl Smith ("Smith"), acting pro se, appeals from his guilty plea and associated prison sentence and assigns the following errors for our review:

I. The trial court unlawfully arbitrarily revoked probation and criminally falsified court records and journal entries by denying

defendant any hearing, did not cite any violation, did not assign counsel nor cite reasons for imposing 6 years prison sentence in violation of all due process procedure state laws, and the Sixth and Fourteenth Amendments of the U.S. Constitution.

II.   The trial court unlawfully extracted coerced guilty pleas in both cases from a deaf, beaten, actually innocent defendant without providing hearing aids nor qualified unbiased deaf translators; and inappropriately dictates his guilty pleas and answers, in violation of Criminal Rule 11-C et. al. and controlling established laws; and contrary to the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution.

III.   Prosecutorial intentional misconduct aided by the court et. al. in concealing arson videos and actual innocence evidence that aquits the defendant; — and the trial court denial of a valid timely filed post conviction petition; violated criminal statutory laws, and due process (and confrontation rights) as defined in the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and Ohio Criminal Rule 16 and controlling laws.

IV.   The trial court erred in not granting defendant's motion to dismissed based on no probable cause existed in case # CR18-630341 contrary to due process requirements in the Sixth and Fourteenth Amendments of the U.S. Constitution.

V.   The permitted arbitrary forfeiture of defendant's truck and property by the trial court and the state with no forfeiture proceeding re: case # CR18-630341 violated Ohio statutory laws and was a denial of due process rights defined in the Sixth and Fourteenth Amendments of U.S. Constitution.

VI.   The trial court violated Ohio statutory law in R.C. 2967.191 by denying 281 days jail time acreditation off sentence re: case # CR17-620144 as a means to extend punishment.

{¶ 2}   Having reviewed the record and pertinent law, we affirm the trial court's judgment.  The apposite facts follow.

{¶ 3}   On March 29, 2018, Smith pled guilty to various felonies in multiple cases including CR-17-620144.  On April 30, 2018, the court sentenced Smith to six

years in prison for attempted aggravated arson, a second-degree felony, in CR-17-620144, suspended, to run concurrent to the prison terms in the other cases. The court also sentenced Smith to two years of community control sanctions in CR-17-620144. Smith did not file a direct appeal in these cases.

{¶ 4} On June 30, 2018, Smith was arrested after engaging police in a high-speed chase. On July 10, 2018, Smith was indicted for failure to comply in violation of R.C. 2921.331(B), a third-degree felony, in CR-18-630341. On December 3, 2018, Smith pled guilty as charged, and on January 7, 2019, the court sentenced Smith to 30 months in prison. The court also found Smith to be in violation of his community control sanctions in CR-17-620144. The court terminated Smith's community control sanctions and ordered him to serve his original six-year prison sentence, to run consecutive to the 30-month prison sentence. Smith filed a timely appeal of the January 7, 2019 journal entries in CR-17-620144 and CR-18-630341.

**Community Control Sanctions Violation Hearing**

{¶ 5} In his first assigned error, Smith argues that the court failed to hold a "probation violation procedural hearing," appoint counsel to represent him, serve him with "violation infractions," and generally denied him his due process.

{¶ 6} At Smith's plea hearing on December 3, 2018, he was represented by an attorney. The court asked Smith the following: "This plea is going to be a violation of your probation, do you understand?" Smith responded, "Very well." The court continued:

We'll have — at the time of sentencing we'll have a hearing with your probation officer * * * to see what we're going to do. I could do a number of things. I could sentence you on the new case, sentence you on the old case, I could run the sentences together, I could run them one after another, or I could put you on probation in this case and keep you on probation in the other case.

{¶ 7} The court again asked Smith if he understood, to which Smith replied, "Yes, ma'am." Smith then pled guilty to failure to comply.

{¶ 8} At the January 7, 2019 sentencing and community control sanctions violation hearing, Smith was again represented by the same attorney. The court found that Smith "has basically a 45-year prior criminal history dating back to the year 1974." The court found Smith to be a community control sanctions, violator in CR-17-620144 and imposed "a term of incarceration of six years and in this case today, 630341, a term of incarceration of 30 months." The court ordered this time to be served consecutively.

{¶ 9} Pursuant to Crim.R. 32.3(A), "[t]he court shall not impose a prison term for violation of the conditions of a community control sanction * * * except after a hearing at which the defendant shall be present and apprised of the grounds on which the action is proposed." A community control sanctions violation hearing is not akin to a criminal prosecution. Nevertheless, a defendant is entitled to the minimum due process protections, which include:

> (a) written notice of the claimed violations * * * ; (b) disclosure * * * of evidence against [the defendant]; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses * * * ; (e) a "neutral and detached" hearing * * * ; and (f) a written statement by the factfinders

as to the evidence relied on and reasons for revoking [community control sanctions].

*Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

{¶ 10} "A trial court's decision finding a violation of community control [sanctions] will not be disturbed on appeal absent an abuse of discretion." *State v. Hayes*, 8th Dist. Cuyahoga No. 87642, 2006-Ohio-5924, ¶ 11.

{¶ 11} Upon review of the record, we find that the court held community control sanctions violation hearings on December 3, 2018 and January 7, 2019; Smith was present and represented by counsel at these hearings; Smith was properly notified of the charges against him; Smith acknowledged on the record that his guilty plea to failure to comply necessarily resulted in a violation of his community control sanctions; and the court made a finding that Smith violated his community control sanctions. Accordingly, we find that Smith suffered no due process deprivation regarding his community control sanctions violation, and his first assigned error is overruled.

**Guilty Plea**

{¶ 12} In his second assigned error, Smith argues that the court violated Crim.R. 11 when accepting his guilty plea. We note that Smith's December 3, 2018 guilty plea is the only plea Smith appealed in this case. Smith did not appeal from his March 29, 2018 guilty plea, and that plea is not before us for review.

{¶ 13} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points

renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 600 N.E.2d 450 (1996).

> To ensure that a plea to a felony charge is knowingly, intelligently, and voluntarily entered into, a trial court must follow the dictates of Crim.R. 11(C)(2). This provision provides that the court must address defendants personally and (1) determine that they understand the nature of the charges against them and of the maximum penalty involved, (2) inform them of and determine that they understand the effect of a plea of guilty or no contest and that the court may proceed with judgment and sentence, and (3) inform them of and determine that they understand the constitutional rights that they are giving up by entering into their plea. Crim.R. 11(C)(2)(a) - (c).

*State v. Gunter*, 8th Dist. Cuyahoga No. 105275, 2017-Ohio-7247, ¶ 19.

{¶ 14} Courts must substantially comply with the nonconstitutional notifications and determinations required by Crim.R. 11(C)(2)(a) and (b). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-17. Furthermore, "a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue." *Id.* at ¶ 17.

{¶ 15} Turning to the constitutional rights within Crim.R. 11(C)(2)(c), "strict, or literal, compliance" is required by courts accepting a guilty plea. *Id.* at ¶ 18. "However, failure to [literally comply] will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent

decision whether to plead guilty." *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 16} This court conducts a de novo review to determine whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6.

{¶ 17} Smith argues that the trial court failed to consider his disabilities when accepting his plea. Smith lists his disabilities as follows: "severe hearing impaired"; "severely vision impaired permanently"; and "severe permanent concussion disorders of P.C.S. and C.T.E." According to Smith, these "disability injury afflictions" are the "direct intentional result of senseless multiple savage beatings during arrest * * * by 2 deputy sheriffs and jail guards in the notorious Cuyahoga County Jail."

{¶ 18} Although somewhat unclear from his pro se appellate brief, Smith also appears to argue that his plea must be vacated because his resulting prison sentence was too harsh. For example, Smith argues that "no brain dead idiot would

stupidly make a 'plea agreement' to a maximum[1] consecutive 8 ½ years sentence at age 67 that is an effective real actual death sentence."

{¶ 19} Upon review of the December 3, 2018 plea hearing, we find that the court advised Smith that he would be pleading guilty to "failure to comply with an order or a signal of a police officer pursuant to Revised Code Section 2921.331(B)." The court informed Smith that this offense was a third-degree felony "punishable by a possible prison term of from 9 to 12, 18, 24, 30, to 36 months in prison * * *." The court reviewed with Smith all of the constitutional rights he was waiving by pleading guilty.

{¶ 20} The court paid special attention to Smith's hearing impairment by having the attorneys speak louder and stand closer to Smith and repeating things so Smith understood them. The court also reminded Smith that his guilty plea was a violation of his community control sanctions. We find no constitutional or nonconstitutional violations of Smith's Crim.R. 11 rights. Furthermore, Smith failed to show any prejudice resulting from allegations that his rights were violated. Accordingly, Smith's second assigned error is overruled.

**Exculpatory Evidence**

{¶ 21} In his third assigned error, Smith argues that there is "compelling irrefutable exculpatory evidence of actual innocence that all 12 jurors on any jury

---

[1] Neither Smith's six-year sentence nor his 30-month sentence is the maximum prison sentence allowed under R.C. 2929.14 for second- and third-degree felonies, respectively.

anywhere would instantly return unanimous not guilty verdicts on acquitting Smith of all arsons within 2 minutes."

{¶ 22} As stated earlier in this opinion, Smith appeals two January 7, 2019 journal entries. The first entry in CR-17-620144 finds that Smith violated his community control sanctions, terminates these community control sanctions, and orders Smith to serve his six-year suspended prison sentence. The second journal entry in CR-18-630341 sentences Smith to 30 months in prison for failure to comply and runs this sentence consecutive to the six years in prison in CR-17-620144.

{¶ 23} Neither journal entry concerns exculpatory evidence. Furthermore, Smith does not reference where in the trial court record he raised the issue of exculpatory evidence, not to mention where in the record the trial court allegedly erred. *See* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * *.").

{¶ 24} Accordingly, Smith's third assigned error is overruled.

**Motion to Dismiss**

{¶ 25} In Smith's fourth assigned error, he argues that the court erred in not granting his motion to dismiss in CR-18-630341. Our review of the docket shows that Smith filed a motion to dismiss on August 1, 2018. However, before the trial court ruled on Smith's motion, he pled guilty as indicted. "When a defendant enters a plea of guilty, he waives all appealable errors that might have occurred unless the

errors precluded the defendant from entering a knowing, voluntary, and intelligent plea." *State v. Korecky*, 8th Dist. Cuyahoga No. 108328, 2020-Ohio-797, ¶ 16.

{¶ 26} Upon review, we find that Smith waived any arguments regarding his motion to dismiss by entering a valid guilty plea in CR-18-630341. As such, his fourth assigned error is overruled.

## Forfeiture

{¶ 27} In Smith's fifth assigned error, he challenges the "arbitrary forfeiture of [his] truck and property." However, in Smith's pro se appellate brief he argues that "no court has ever issued any forfeiture order against Smith's truck during the 3 months Smith has remained in jail." The state, in its appellate brief, argues that "[t]here is no evidence in the record that the vehicle was destroyed." Our review of the record fails to identify an order or journal entry from the trial court forfeiting Smith's truck or any other property. Accordingly, there does not appear to be an error for Smith to appeal regarding forfeiture, and his fifth assigned error is overruled.

## Jail-Time Credit

{¶ 28} In Smith's sixth and final assigned error, he argues that "[t]he trial court violated * * * R.C. 2967.191 by denying 281 days jail[-]time [credit in] CR-17-620144." Our review of the record shows that Smith filed a motion for jail-time credit on January 14, 2019, and the court granted this motion on September 10, 2019. On appeal, the state argues that this issue is moot. We agree with the state,

because Smith has already been afforded the relief he is requesting. Accordingly, Smith's sixth assigned error is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR

KEY WORDS

Community control sanctions violation hearing; guilty plea; App.R. 12(A)(2); exculpatory evidence; forfeiture; motion to dismiss; jail-time credit.

Pro se defendant's convictions for violating community control sanctions and failure to comply affirmed. The court held a proper hearing on the community control sanctions violations and defendant's guilty plea. The court properly applied jail-time credit. The remainder of defendant's assigned errors were waived when he pled guilty or were unsupported by the record.