[Cite as *State v. Smith*, 2023-Ohio-447.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111472 |
| v. | : | |
| DARRYL SMITH, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 16, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-620144-A and CR-18-630341-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Darryl Smith, *pro se.*

LISA B. FORBES, J.:

{¶ 1} Darryl Smith ("Smith"), acting pro se, appeals from the trial court's denial of his "post conviction petition to vacate conviction and sentence (R.C. 2953.21) and i.e. motion to vacate guilty pleas (criminal rule 32.1)." After

reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

{¶ 2} On March 29, 2018, Smith pled guilty to various felonies in multiple cases, including attempted aggravated arson in Cuyahoga C.P. No. CR-17-620144-A. On December 3, 2018, Smith pled guilty to failure to comply in Cuyahoga C.P. No. CR-18-630341-A. The court found Smith to be in violation of his community-control sanctions in CR-17-620144-A because of his guilty plea in CR-18-630341-A.

{¶ 3} On April 16, 2020, this court affirmed Smith's convictions and subsequent prison sentence in the two aforementioned cases. *State v. Smith*, 8th Dist. Cuyahoga No. 108121, 2020-Ohio-1492 ("*Smith I*"). In *Smith I*, Smith raised six assignments of error, including, pertinent to the appeal in the case at hand, a challenge to the trial court's acceptance of his guilty pleas in CR-18-630341-A and a challenge to the finding that he violated his community-control sanctions in CR-17-620144-A. This court found that the trial court complied with Crim.R. 11 in accepting Smith's guilty plea, and "Smith failed to show any prejudice resulting from allegations that his rights were violated." *Id*. at ¶ 20. Additionally, this court found that "Smith suffered no due process deprivation regarding his community control sanctions violation * * *." *Id*. at ¶ 11.

{¶ 4} On June 7, 2021, Smith filed a "post conviction petition to vacate conviction and sentence (R.C. 2953.21) and i.e. motion to vacate guilty pleas (criminal rule 32.1)" in both cases noted above. The trial court summarily denied

these motions on June 14, 2021, and it is from these orders that Smith appeals, raising the following assignments of error:

I.     The trial court's extraction of guilty pleas did not comply with Criminal Rule 11-C and did not properly advise appellant of the correct sentencing penalties, and the plea was obtained by use of a phony promised plea agreement, all of which is contrary to controlling authorities of law and the Sixth and Fourteenth Amendments of the U.S. Constitution.

II.     The state, the prosecutors, attorney and the trial court intentionally concealed, hid, and suppressed actual innocence crime videos and actual innocence exculpatory police evidence and eyewitnesses which is contrary to the Sixth and Fourteenth Amendments of the U.S. Constitution, Criminal Rule 16 and R.C. 2921.12.

III.     Probation revocation, violations of manditory [sic] procedure rights[.] The trial court totally denied all of defendants manditory [sic] procedure in arbitrary revocation of probation without any hearing and without appointed counsel and; falsified court records to conceal the procedure violations misconduct, all of which violates Criminal Rule 32.3, controlling authorities of law and due process rights provided in the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution.

## I.  Law and Analysis

### A.  Pro Se Litigants

{¶ 5}  The Ohio Supreme Court has "repeatedly declared that 'pro se litigants * * * must follow the same procedures as litigants represented by counsel.' *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5." *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 10. Furthermore, Ohio courts have consistently held that pro se litigants "are presumed to have knowledge of the law and legal procedure and * * * they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio*

*Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

### B. Standard of Review — Postconviction-Relief Petition

{¶ 6} Appellate courts review a trial court's ruling on a petition for postconviction relief under an abuse of discretion standard. *State v. Watts*, 8th Dist. Cuyahoga No. 108296, 2019-Ohio-4356, ¶ 11. *See also State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58 (holding that "a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence").

### C. Postconviction Relief and Res Judicata

{¶ 7} A postconviction proceeding is not an appeal of a criminal conviction. Rather, it is a collateral civil attack on the judgment. *State v. Steffen*, 70 Ohio St.3d 399, 639 N.E.2d 67 (1994). R.C. 2953.21 allows defendants who have been convicted of criminal offenses to file petitions for postconviction relief, "asking the court to vacate or set aside the judgment or sentence * * *." Petitioners must state "all grounds for relief" upon which they rely, and they waive all other grounds not so stated. R.C. 2953.21(A)(4).

{¶ 8} However, petitions for postconviction relief may be denied under the doctrine of res judicata. "A petition for postconviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal." *State v.*

*Hale*, 8th Dist. Cuyahoga No. 103654, 2016-Ohio-5837, ¶ 8, *citing State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). *See also State v. Montgomery*, 8th Dist. Cuyahoga No. 99452, 2013-Ohio-4193, ¶ 42 ("The usual formulation of res judicata in postconviction proceedings is that it bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.").

{¶ 9} Postconviction-relief petitions may also be denied "when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises." *State v. Kapper,* 5 Ohio St.3d 23, 38, 448 N.E.2d 823 (1983). In other words, postconviction-relief petitions are properly denied when "the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 291, 714 N.E.2d 905 (1999).

### D. Analysis

{¶ 10} In Smith's first assignment of error, he argues that the trial court did not comply with Crim.R. 11 when it accepted his guilty plea. This argument was reviewed and rejected on the merits by this court in *Smith I*.

> The court paid special attention to Smith's hearing impairment by having the attorneys speak louder and stand closer to Smith and

repeating things so Smith understood them. The court also reminded Smith that his guilty plea was a violation of his community control sanctions. We find no * * * violations of Smith's Crim.R. 11 rights. Furthermore, Smith failed to show any prejudice resulting from allegations that his rights were violated.

*Smith I* at ¶ 20.

{¶ 11} Because Smith did not raise any issues in his postconviction-relief petition that had not been addressed in *Smith I*, this argument is barred by the doctrine of res judicata, and Smith's first assignment of error is overruled.

{¶ 12} In Smith's third assignment of error, he argues that the trial court "totally denied" his rights by revoking his community-control sanctions, which he refers to as "probation revocation." This argument was also reviewed and rejected on the merits by this court in *Smith I*.

Upon review of the record, we find that the court held community control sanctions violation hearings on December 3, 2018 and January 7, 2019; Smith was present and represented by counsel at these hearings; Smith was properly notified of the charges against him; Smith acknowledged on the record that his guilty plea to failure to comply necessarily resulted in a violation of his community control sanctions; and the court made a finding that Smith violated his community control sanctions. Accordingly, we find that Smith suffered no due process deprivation regarding his community control sanctions violation, and his first assigned error is overruled.

*Smith I* at ¶ 11.

{¶ 13} Because Smith did not raise any issues in his postconviction-relief petition that had not been addressed in *Smith I*, this argument is barred by the doctrine of res judicata, and Smith's third assignment of error is overruled.

{¶ 14} In Smith's second assignment of error, he argues that "since 2016-2017 and ongoing prosecutors and police possess crime videos that exonerate Smith

and a wealth of evidence texts, emails and eyewitness statements that prove clear innocence all of which overcome procedure defaults."

{¶ 15} In his petition for postconviction relief and his appellate brief, Smith makes the same arguments he made in a motion for a new trial that he filed on February 5, 2019. Smith's motion for new trial was "based on new evidence/exculpatory evidence * * *." Specifically, Smith claimed that he "recently learned about the arson video contents [that] would acquit him from informants (i.e. police and court personel [sic]) who seen the video and Smith is not on it whatsoever." The trial court denied this motion on February 26, 2019. Smith filed an untimely appeal from this journal entry on May 16, 2019, which this court dismissed. *State v. Smith*, 8th Dist. Cuyahoga No. 108572, motion No. 528500 (May 29, 2019).

{¶ 16} Additionally, the documents attached to Smith's postconviction-relief petition, which he argues are exculpatory as to his arson conviction, concern a fire that occurred on September 5, 2016. It is undisputed that the fire, which formed the basis of the attempted aggravated arson charge to which Smith pled guilty in CR-17-620144-A occurred on April 14, 2017. Upon review, we find that Smith failed to set forth sufficient operative facts showing that he is entitled to postconviction relief, because the evidence he submitted is irrelevant to the issues raised in the case at hand. *See State v. Lawson,* 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist. 1995), quoting *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 Ohio App. LEXIS 1485, 2 (Mar. 17, 1993) ("'Evidence presented outside the record must meet

some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery."").

{¶ 17} Accordingly, Smith's allegations concerning exculpatory evidence are barred by the doctrine of res judicata because they were disposed of by the trial court and reviewed and rejected on appeal in *Smith I*. Additionally, Smith failed to support his petition with substantive and relevant evidence under R.C. 2953.21. Smith's second assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE, J., CONCUR